UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 1/2/19

EFREN ZAMORA RODRIGUEZ,
*individually and on behalf of others similarly situated*,

Plaintiff,

v.

FADARO FANCY FOODS, CORP. (D/B/A FARARO FANCY FOODS, CORP.),
FADARO PRODUCE, CORP. (D/B/A FADARO FANCY FOODS, CORP.),
WISSAM SHADAYDEH (A.K.K. SAM),
and DAVID SHADAYDEH.

Defendants.

No. 18-CV-2541 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff Efren Zamora Rodriguez brought this action against Defendants Fadaro Fancy Foods, Corp., Fadaro Produce, Corp., Wissam Shadaydeh, and David Shadaydeh for alleged violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Presently before the Court is the parties' proposed settlement agreement. *See* Settlement Agreement ("Agreement").

The Court, having reviewed the parties' proposed agreement and fairness letter, finds that the settlement is fair and reasonable. Under the terms of the proposed settlement agreement, Defendants agree to pay Plaintiff a total of $15,000 in exchange for the relinquishment of wage and hour claims. Agreement ¶ 1. After attorneys' fees, Plaintiff will receive $9,734. Fairness Letter at 3. The total settlement amount is greater than the amount Plaintiff alleges he was owed in minimum and overtime base damages ($4,000), although Plaintiff also sought an award of liquidated damages, statutory notice-related penalties, and prejudgment interest. Complaint at 16.

This amount is reasonable in light of the risks of trial. *See Beckert v. Ronirubinov*, No. 15-CV-1951 (PAE), 2015 WL 8773460, at *2 (S.D.N.Y. Dec. 14, 2015) (approving a settlement of approximately 25 percent of the maximum possible recovery).

The Court also approves the requested award of attorneys' fees and costs. "In an FLSA case, the Court must independently ascertain the reasonableness of the fee request." *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 229–30 (S.D.N.Y. 2016). A contingency fee award is presumptively valid where "the proposed fee amount is exactly one-third of the net settlement amount, which is an amount routinely approved under the percentage method" in this District. *Yunjian Lin v. Grand Sichuan 74 St Inc.*, No. 15-CV-2950(RA), 2018 WL 3222519, at *5 (S.D.N.Y. July 2, 2018). The proposed settlement of $15,000 allocates $5,266 in fees and costs to Plaintiff's counsel, which amounts to approximately one-third of the settlement amount. The Court thus approves the proposed attorneys' fees under the percentage of the fund method.

Plaintiff's release of claims is also fair and reasonable. "In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung*, 226 F. Supp. 3d at 228 (citation omitted). The relevant provision in this case releases Plaintiff's claims "relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement." Agreement ¶ 3. The following provision bars Plaintiff from instituting any such claim "with respect to any alleged actors occurring before the effective date of this Agreement." *Id.* ¶ 4. Both of these provisions narrowly release wage and hour claims under FLSA and NYLL arising before the date of the Agreement, not all past or future claims by Plaintiff against Defendant.

Finally, the non-disclosure provision in the Agreement is fair and reasonable. Its scope is limited to barring the parties from "contact[ing] the media or utiliz[ing] any social media regarding

this agreement or its terms." *Id.* ¶ 6; *see Flores v. Studio Castellano Architect, P.C.*, No. 15-CV-9158 (TPG), 2017 WL 4417697, at *3 (S.D.N.Y. Oct. 2, 2017) (bar on contacting media or utilizing social media "has none of the hallmarks of the overly-broad provisions rejected by courts in this Circuit, such as an all-encompassing non-disparagement clause").

## CONCLUSION

For the reasons stated above, the Court approves the parties' settlement agreement. The Court dismisses the Complaint with prejudice in accordance with the settlement agreement. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated:  January 2, 2019
        New York, New York

_____
Ronnie Abrams
United States District Judge